**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

STEPHANIE MARTINI,

Plaintiff,

v. Case No. 8:25-cv-3079-KKM-TGW

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.

---

**ORDER**

Stephanie Martini appeals a decision by the Commissioner of Social Security denying her claim for disability benefits and moves for remand under Sentences Four and Six of 42 U.S.C. § 405(g). *See* Mem. (Doc. 19); Mot. (Doc. 25). Martini generally argues that remand is warranted under Sentence Four on grounds that the agency misapplied controlling legal standards and did not consider the combined effect of the evidence, *see* Mem., and under Sentence Six so that she may add purportedly new and noncumulative evidence that she failed to incorporate in the administrative record with good cause, *see* Mot. The agency opposes. Opp. (Doc. 21).

The magistrate judge recommends that I deny Martini's motion for remand under Sentence Six. R&R (Doc. 29). Martini objects, arguing that the

magistrate judge mistakenly concluded that the evidence Martini wants to add to the record is immaterial. Obj. (Doc. 32). On review of the Report and Recommendation, I find no reversible error.

The magistrate judge did not consider the Sentence Four argument that Martini raised in a separately filed memorandum. Martini contends that this argument is pending before the Court. Obj. at 1. I consider Martini's Sentence Four argument and conclude that the agency did not misapply the law and that substantial evidence supports the agency's conclusions. Accordingly, I adopt the Report and Recommendation as to Martini's Sentence Six argument and deny the motion to remand.

## I. BACKGROUND

Martini filed a claim for disability-insurance benefits in January 2022, alleging disability due to cervical and lumber stenosis, bulging discs on her back and neck, radiculopathy, sciatic nerve damage, chronic headaches, anxiety, and numbness in legs, feet, and hands due to radiculopathy. Tr. (Docs. 15, 15-1–9) at 127, 135, 271. She alleged that these disabilities began December 26, 2021. *Id.* at 10, 127, 135, 231–32.

The agency denied her claim initially and on reconsideration, *id.* at 10, 127–33, 135–47, and an administrative law judge (ALJ) affirmed the agency's decision on March 3, 2025, after holding an administrative hearing, *id.* 10–28, 100–25.

The ALJ found that Martini was not disabled under the agency's five-step sequential evaluation process. *Id.* at 10–28; *see* 20 C.F.R. § 404.1520(a)(4). The ALJ found that Martini had "not engaged in substantial gainful activity since" her alleged onset date, Tr. 12, had the severe impairments of "degenerative disc disease of the cervical and lumbar spine[,] generalized anxiety disorder[,] major depressive disorder[,] and post-traumatic stress disorder," *id.*, and did "not have an impairment or condition of impairments that meets or medically equals the severity of one of the listed impairments" in 20 C.F.R. Part 404, Subpart P, Appendix 1, *id.* at 13. The ALJ also found that Martini "is unable to perform any past relevant work," *id.* at 19, but "has the residual functional capacity to perform light work" as defined in 20 C.F.R. § 404.1567(b) with certain limitations, *id.* at 15.

After the ALJ concluded that Martini was not disabled under the Social Security Act from her December 2021 alleged onset date through March 3, 2025, *id.* at 21–22, Martini sought review by the Appeals Council, *id.* at 1–5, 10, 227–229. The Appeals Council denied her request. *Id.*

Martini then filed her complaint for review in this Court. She moved for remand under Sentence Six of 42 U.S.C. § 405(g), (Doc. 18), and, on the same day, filed a separate memorandum in support of remand under Sentence Four, along with four medical records that she failed to incorporate in the record before the agency, Mem.; Suppl. (Doc. 20). A month later, she filed a

supplement with another medical record that she failed to incorporate in the record before the agency. Suppl. Martini later filed an amended motion to remand to correct her failure to sign the original motion. *See* Mot.

After Martini's Sentence Six motion was fully briefed, the magistrate judge issued a Report and Recommendation recommending that I deny it. *See* R&R. The Report and Recommendation did not address Martini's separate memorandum or supplement under Sentence Four. Martini now objects to the Report and Recommendation as to her motion and urges that the argument she made in her separate memorandum is properly before this Court.

## II. STANDARDS OF REVIEW

### A. Review of a Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must review that factual issue de novo. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

### B. Review of an Administrative Law Judge's Disability Determination

A court "reviews[] de novo the ALJ's application of legal principles" and "the ALJ's resulting decision 'to determine whether it is supported by substantial evidence.' " *Buckwalter v. Acting Comm'r*, 5 F.4th 1315, 1320 (11th Cir. 2021) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam)). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence is "more than a mere scintilla" but "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Id.* (quoting *Consol. Edison*, 305 U.S. at 229)). So, even if the preponderance of the evidence weighs against the ALJ's determination, the court "must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

## III. LEGAL STANDARDS

"An individual claiming Social Security disability benefits must prove that he is disabled." *Deming v. Comm'r, Soc. Sec. Admin.*, No. 25-10246, 2026

WL 773289, at *3 (11th Cir. 2026) (quoting *Moore*, 405 F.3d at 1211). The agency's regulations establish a "sequential evaluation process" to determine disability. *Id.* (citing 20 C.F.R. § 404.1520(a)(4)(i)–(v), (b)–(g)). The process has five steps: whether (1) the claimant is engaged in "substantial gainful activity"; (2) the claimant has a severe impairment (one that significantly limits her ability to perform work-related functions); (3) the severe impairment meets or equals the criteria set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) the claimant can perform her past relevant work; and (5) the claimant can do other work in the national economy given her age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(i)–(v). Before proceeding to the fifth step, the ALJ must calculate the claimant's residual functional capacity (RFC), which is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [her] impairments," *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019) (per curiam) (quotation omitted), and a claimant is entitled to benefits only if she cannot perform other work, *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 416.920(g).

When evaluating claims filed on or after March 27, 2017, like Martini's, "an ALJ must 'not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s).'" *Deming*, 2026 WL 773289, at *3 (quoting 20 C.F.R.

§ 404.1520c(a)). Instead, the ALJ must consider five enumerated factors when evaluating the persuasiveness of "any medical opinion[] or prior administrative medical finding[]." 42 U.S.C. § 404.1520c(a). The two "most important factors" are "supportability" and "consistency." *Id.*

## IV. ANALYSIS

Martini argues that remand is proper under Sentences Four and Six of 42 U.S.C. § 405(g). *See* Mem. (Sentence Four); Mot. (Sentence Six). I disagree. Remand is not proper under Sentence Four because substantial evidence supports the agency's decision and the agency did not misapply the law. And, as the magistrate judge concluded, remand is not proper under Sentence Six because the new evidence Martini submits is immaterial.

### A. Remand Is Not Proper Under Sentence Four

Martini argues that remand is proper under Sentence Four because the agency purportedly "misapplied controlling legal standards and failed to properly evaluate the combined effects of [her] impairments." Mem. at 1. She argues that the agency erred in this respect in seven ways. I address each in turn.

#### 1. The Consultative Psychological Opinion

Martini first contends that the ALJ improperly rejected the opinion of her consultative psychological examiner, Dr. Billie Jo Hatton, "without adequate explanation" and selectively relied on "isolated findings," *id.* at 2–3,

implying that the ALJ failed to evaluate Dr. Hatton's opinion for supportability and consistency, *see id.*

When evaluating a medical opinion, an ALJ need only "state[] with at least some measure of clarity the grounds for his [or her] decision." *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1276 n.14 (11th Cir.), *cert. denied sub nom. Raper v. O'Malley*, 145 S. Ct. 984, 220 L. Ed. 2d 362 (2024) (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011)) (alterations in original). The ALJ need not use any "magic words to state with particularity the weight given to medical opinions or the reasons for discounting them," *id.*, or "specifically refer to every piece of evidence in [the ALJ's] decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Mitchell v. Comm'r of Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)).

Here, the ALJ adequately considered and addressed Dr. Hatton's opinion.[1] *See* Tr. 18. The ALJ explained that the opinion was "unpersuasive" and "vague in that it does not describe specific work-related limitations as

[1] Because I conclude the ALJ adequately considered Dr. Hatton's opinion, I do not address the Commissioner's argument that the opinion is not a "medical opinion" that required evaluation under 20 C.F.R. § 404.1520c. *See* Resp. at 6–7.

generally evaluated in disability claims." *Id.* The ALJ also explained that Dr. Hatton's opinion is contradicted by her own report, which found "no significant problems with attention or short-term memory." *Id.* at 18. This explanation easily "state[s] with at least some measure of clarity the grounds for [the ALJ's] decision" and allows me "to assess whether the ALJ's decision was rational and supported by substantial evidence." *Raper*, 89 F.4th at 1276 & n.14 (citing *Winschel*, 631 F.3d at 1179). The ALJ did not err in rejecting Dr. Hatton's opinion.

**2. The ALJ's RFC Findings**

Martini next argues that the ALJ improperly "discounted [her] testimony [by] using generalized statements that her symptoms were 'not entirely consistent' with the record" and "failed to reconcile documented radiculopathy, pain symptoms, and position intolerance with the RFC assessment" in violation of *Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991). Mem. at 3.

*Holt* holds that "to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th

Cir. 2002) (citing *Holt*, 921 F.2d at 1223). The ALJ need not "cite or refer to the language of the three-part test" when her "findings and discussion indicate that the standard was applied." *Id.* And the ALJ may cite "20 C.F.R. § 404.1529, which contains the same language regarding the subject pain testimony that [the Eleventh Circuit] interpreted when initially establishing its three-part pain standard." *Id.* (citing *Elam v. R.R. Retirement Bd.*, 921 F.2d 1210, 1214–15 (11th Cir. 1991)).

Here, the ALJ cited 20 C.F.R. § 404.1529 when making her finding and explained that "whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the [ALJ] must consider other evidence in the record to determine if the claimant's symptoms limit the ability to do work-related activities." Tr. 15. The ALJ then weighed "the subjective complaints from [Martini's] testimony" and concluded that "the objective medical evidence of record fails to provide support for [her] allegations of disabling symptoms and limitations," Tr. 16. The ALJ did not misapply controlling law in reaching this decision or fail to state the grounds for her decision.

Although Martini invites this Court to second guess the ALJ's assessment of the evidence, I "may not decide the facts anew, reweigh the evidence, or substitute [my] judgment for that of the Commissioner." *Mitchell*, 771 F.3d at 782 (quoting *Winschel*, 631 F.3d at 1178)). "[C]redibility

determinations are the province of the ALJ," and a reviewing court "will not disturb a clearly articulated credibility finding supported by substantial evidence." *Id.* (quoting *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)).

The ALJ clearly articulated her credibility finding, Tr. 16 ("[T]he objective medical evidence of record fails to provide support for the claimant's allegations of disabling symptoms and limitations. More specifically, the medical findings do not support the existence of limitations greater than those in the [RFC] outlined in this decision."), and explained the facts that led to her conclusion, *see id.* at 16–19. The record does not compel a contrary conclusion.

**3. The ALJ's Symptom-Evaluation Findings**

Martini argues that the ALJ improperly considered her "minimal daily activities" when analyzing her "ability to sustain competitive employment," transgressing *Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997). Mem. at 3–4.

In *Lewis*, the Eleventh Circuit held that substantial evidence did not justify the ALJ's finding that the "objective evidence did not support the opinions of [the claimant's] treating physicians," including with respect to the claimant's "participation in everyday activities." 125 F.3d at 1441. *Lewis* does not prohibit an ALJ from considering a claimant's daily activities: "Although a claimant's admission that she participates in daily activities for short durations does not necessarily disqualify the claimant from disability, *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997), that does not mean that it is

improper for the ALJ to consider a claimant's daily activities at all." *Majkut v. Comm'r of Soc. Sec.*, 394 F. App'x 660, 663 (11th Cir. 2010) (citing 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i)).

Here, the ALJ examined Martini's daily activities and concluded that "despite her impairments, [she] has engaged in a somewhat normal level of daily activity." Tr. 17. As the ALJ explained, these daily activities are relevant because "the physical and mental capabilities, as well as social interactions, requisite to performing many of" Martini's daily activities "replicate those necessary for obtaining and maintaining employment within the parameters of the [RFC] described in [the] decision." *Id.* The ALJ did not err in considering Martini's daily activities, and substantial evidence supports the ALJ's conclusion.

#### 4. Logical Bridge Between Evidence and RFC

Martini argues that the ALJ failed to provide a "logical bridge between the evidence and the conclusions reached" as to Martini's RFC "required for meaningful judicial review." Mem. at 4. I disagree.

The ALJ's decision thoroughly explains the RFC finding in the light of the record evidence. *See* Tr. 15–19. Among other things, the ALJ explains that she based the RFC finding on Martini's "symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," *id.* at 15, testimony and Adult Function

Report, *id.* at 15–16, medication, *id.* at 16, physical examination, *id.*, and mental state, *id.* at 16–17. This explanation is "enough to enable [a reviewing court] to conclude that the ALJ considered [Martini's] medical condition as a whole." *Mitchell*, 771 F.3d at 782 (quoting *Dyer*, 395 F.3d at 1211).

**5. The Step-Five Determination**

Martini next argues that the ALJ erred by relying on vocational-expert testimony because the ALJ's hypothetical question for the vocational expert "did not include all [Martini's] limitations," Mem. at 4, and "was based on an incomplete hypothetical," Reply (Doc. 27) at 12.

When considering at step five of the sequential evaluation process whether a claimant with non-exertional impairments can perform other work in the light of her "residual functional capacity, age, education, and work experience," an ALJ must "introduce independent evidence . . . of [the] existence of jobs in the national economy that the claimant can perform." *Wilson*, 284 F.3d at 1227 (citations omitted). The preferred form of independent evidence is a vocational expert's testimony. *Id.* "[F]or a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments," *id.* (citation omitted), but the ALJ need not "include findings in the hypothetical that [she] had already rejected as unsupported," *see Crawford*, 363 F.3d at 1161.

Here, the ALJ determined at step five that Martini could perform "other work" existing in significant numbers in the national economy. Tr. 19–20; *see Winschel*, 631 F.3d at 1180; 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1566. To help make this determination, the ALJ asked the vocational expert whether someone with Martini's limitations could perform other work. Tr. 15, 20, 121. Contrary to Martini's argument, this hypothetical matched the ALJ's RFC finding, *compare* Tr. 15 *with* Tr. 121, "comprise[d] all of [Martini's] impairments," *Wilson*, 284 F.3d at 1227, and did not need to include any rejected findings, *see Crawford*, 363 F.3d at 1161. The vocational-expert testimony is therefore substantial evidence, *id.*, and Martini has not established that the record compels a contrary "other work" finding.

**6. Combined Effects**

Martini argues that "[t]he ALJ failed to meaningfully evaluate the combined effects of [her] impairments," Reply at 14, and says that the ALJ's explanation uses "boilerplate language [that] is insufficient" because "the decision does not demonstrate meaningful evaluation of their cumulative effects," Reply at 14.

"If a claimant alleges several impairments, the [ALJ] must consider the impairments in combination to decide whether the combined impairments render her disabled . . . even when the impairments . . . are not severe." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citations

omitted). And, although an ALJ's statements that she considered the combined effects of the evidence are not alone dispositive, *see Schink.*, 935 F.3d at 1269, they are "evidence that [she] considered the combined effects of [the claimant's] impairments," *Carter*, 726 F. App'x at 739 (citing *Wilson v. Barnhart*, 284 F.3d at 1224).

Here, the ALJ explicitly said that she had a duty to look at Martini's impairments in combination, Tr. 11–12, and that she considered the combined effect of all Martini's impairments in assessing her RFC, *id.* at 13 ("The undersigned has considered all the claimant's impairments individually and in combination."). These statements are evidence that the ALJ considered the combined effect of Martini's impairments. *See Carter*, 726 F. App'x at 739 (citing *Wilson*, 284 F.3d at 1224). More, the ALJ specifically addressed, among other things, Martini's "mental impairments, considered singly and in combination," Tr. 13; *see also id.* at 16–17, "physical examination," *id.* at 16, subjective testimony, *id.* at 15–16, and medical opinions and prior administrative medical findings, *id.* at 17–19. Accordingly, I have little reason to doubt that the ALJ considered the combined effect of Martini's impairments.

**7. Financial Barriers to Treatment**

Finally, Martini argues that the ALJ failed to acknowledge her testimony and statements from the medical evidence showing that her financial hardship interfered with her ability to obtain treatment. Mem. at 4–

5. Although Martini is correct to point out that the ALJ did not explicitly acknowledge her testimony and statements about financial hardship, this argument fails because the ALJ did not rely on lack of treatment or failure to comply in discounting Martini's symptoms. *See Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003). Because the "ALJ's determination that [Martini] [is] not disabled [is] not significantly based on a finding of noncompliance . . . failure to consider" the ability to pay is not reversible error. *Id.*

In sum, each of Martini's arguments that remand is proper under Sentence Four is unpersuasive. The ALJ applied the correct legal standards, and the substantial evidence supports the ALJ's conclusions.

**B. Remand Is Not Proper Under Sentence Six**

Martini objects to the magistrate judge's recommendation that I deny the motion to remand under Sentence Six of 42 U.S.C. § 405(g). *See* Mot. After reviewing de novo the magistrate judge's legal analysis and the factual findings objected to by Martini, I overrule Martini's objections and adopt the Report and Recommendation with respect to Martini's Sentence Six argument.

Under Sentence Six, a court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior

proceeding." 42 U.S.C. § 405(g). Remand on this basis is warranted when a claimant demonstrates "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result[;] and (3) there is good cause for the failure to submit the evidence at the administrative level." *Hunter v. Comm'r of Soc. Sec. Admin.*, 808 F.3d 818, 821 (11th Cir. 2015) (citing *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986)). Evidence is material if there is a reasonable possibility that it would change the administrative outcome. *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). The Report and Recommendation properly articulates and applies this standard. *See* R&R at 1–2.

Martini contends that the magistrate judge's "conclusion overlooks the fact that post-decision evidence may be material when it relates back to impairments, symptoms, and functional limitations that already existed during the relevant period." Obj. at 1. Although Martini is correct that new evidence may be material when it relates directly back to a claimant's "principal alleged impairments," *see Caulder*, 791 F.2d at 878, the magistrate judge did not overlook this principle.

The Report and Recommendation specifically considers the relationship between the post-decision medical records and Martini's pre-decision impairments, symptoms, and limitations. *See* R&R at 2–3. It finds that "the

records do not reflect a significant deterioration in [Martini's] condition that would support an inference of disabling functional limitations during the relevant period," *id.* at 3, because the "the January 2026 cervical MRI report show[s] no significant change when compared to imaging that was available to the ALJ and the Appeals Council," *id.* (citing Tr. 73), and that the "functional capacity evaluation . . . does not include an opinion addressing when the assessed limitations first arose or whether they existed during the adjudicated period," *id.* The Report and Recommendation also accurately states that "the rheumatology records document a diagnosis that was not alleged as a basis of disability during the administrative proceedings." *Id.* (citing Tr. 127, 135, 271, 316, 362). In short, the Report and Recommendation makes clear that the magistrate judge did not misapply the law.

The magistrate judge's factual findings to which Martini objects also withstand de novo review. First, Martini's January 2026 cervical MRI (Doc. 25-1) reflects "no significant change" when compared to the imaging in the transcript. R&R at 3 (citing Tr. 73). Importantly, there is not a "reasonable possibility" that Martini's January 2026 cervical MRI "would change the administrative result" on remand. *See Hunter,* 808 F.3d at 821 (citing *Caulder*, 791 F.2d at 877). The ALJ's decision credits the pre-decision "MRI of [Martini's] cervical and lumber spine showing degenerative disc disease," Tr. 18, and the post-decision MRI does not shed light on Martini's condition at the time of the

ALJ's decision, *see Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999) (explaining that post-decision evidence is not probative of "whether the claimant was entitled to benefits . . . prior to the date of the ALJ's decision").

Second, as the Report and Recommendation explains, "the rheumatology records document a diagnosis that was not alleged as a basis of disability during the administrative proceedings." *Id.* (citing Tr. 127, 135, 271, 316, 362). So, "no method exists by which [I] can determine whether" these rheumatology records reflect "whether the diagnoses are related to [Martini's] complaints relevant to the time period considered by the ALJ's decision." *See Hicks v. Colvin*, No. 8:12-cv-2430-T-AEP, 2013 WL 12160969, at *2 (M.D. Fla. Dec. 19, 2013) (Porcelli, M.J.).

Similarly, the "functional capacity evaluation took place nearly one year after the ALJ issued her decision and does not include an opinion addressing when the assessed limitations first arose or whether they existed during the adjudicated period." R&R at 3–4 (citations omitted). This evaluation is not chronologically relevant because it "contain[s] no indication that the [] provider reviewed or had access to [Martini's] past medical records." *Stone v. Soc. Sec. Admin*, 658 F. App'x 551, 553–54 (11th Cir. 2016). As with the rheumatology report, the functional capacity evaluation is not probative of any issue here.

Finally, Martini submitted a supplemental filing with a thoracic spine MRI report and a lumbar spine MRI report that were "not previously available." Suppl. (Doc. 20) at 1. The Report and Recommendation did not consider this separately filed supplement. In any event, as with Martini's other proffered post-decision evidence, these two MRI reports do not shed light on Martini's condition before the ALJ's decision. The ALJ considered evidence relating to the "relatively mild to moderate" findings of neck and back pain associated with Martini's "mild degenerative disc disease," Tr. 16, 83, and the new MRI reports do not make any comparisons to pre-decision medical reports or include results that would be reasonably likely to change the ALJ's decision on remand. *See* Suppl. at 2, 4 (stating that no comparisons were made and sharing results consistent with the ALJ's finding).

All the new evidence submitted by Martini is immaterial, so remand is not proper under Sentence Six.

## V. CONCLUSION

Beyond the objections made by the plaintiff, I have reviewed the magistrate judge's factual and legal conclusions, and I adopt the Report and Recommendation as described above. Remand is not warranted under Sentences Four or Six of 42 U.S.C. § 405(g).

Accordingly, the following is **ORDERED**:

1. Martini's Objection (Doc. 32) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 29) is **ADOPTED in part** as described above and made a part of this Order for all purposes to the extent described above.

3. The decision of the Commissioner is **AFFIRMED**.

4. The Clerk is directed to enter judgment in favor of the Commissioner, which shall read "The decision of the Commissioner is affirmed," terminate any pending deadlines, and **CLOSE** this case.

**ORDERED** in Tampa, Florida, September 9, 2026.

Kathryn Kimball Mizelle
United States District Judge